IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WAYNE L. LARUE                                                                        PLAINTIFF

vs.                                       Civil No. 3:08-cv-03044

MICHAEL J. ASTRUE                                                                DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Wayne L. LaRue ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff protectively filed his current application for DIB on October 13, 2005. (Tr. 11, 38).[1] Plaintiff alleged he was disabled due to sleep apnea, back pain, knee pain, narcolepsy, and fatigue. (Tr. 92, 100, 197,199-200). Plaintiff alleged an onset date of October 1, 2004. (Tr. 11, 38). This

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

application was initially denied on January 4, 2006 and was denied again on reconsideration on June 1, 2006. (Tr. 27-28). On August 7, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 35). Plaintiff stated the following in his request for a hearing: "I am disabled and unable to perform substantial gainful activity given my age, education and work experience, by reason of physical and mental impairments." (Tr. 35).

This hearing request was granted, and this hearing was held on September 13, 2007 in Harrison, Arkansas. (Tr. 194-228). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff and three witnesses for Plaintiff testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). The highest level of education Plaintiff had completed was the twelfth grade. (Tr. 201).

On March 20, 2008, the ALJ entered a fully unfavorable decision on Plaintiff's application for DIB. (Tr. 11-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: sleep apnea, obesity, and deformity of the PIP joint, left little finger. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not totally credible. *See id.* Second,

the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and/or carry 20 pounds. He can push/pull within the same limitations. He can stand/walk for 6 hours and sit for 6 hours. He can frequently, but not continuously, grasp with the dominant hand. He must avoid hazards, including heights and moving machinery. He cannot climb ladders, ropes, or scaffolds. He can occasionally stoop, crouch, crawl, and kneel.

(Tr. 14-15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he could not perform any of his PRW. (Tr. 18, Finding 6). However, the ALJ also determined there was work existing in significant numbers in the national economy that he could perform. (Tr. 19-20, Finding 10). The ALJ based this determination upon the testimony of VE. (Tr. 19-20). Given all Plaintiff's vocational factors, the VE found Plaintiff could perform the requirements of such representative occupations as a Cashier II with 31,000 such jobs in Arkansas and 3,400,000 such jobs in the national economy; dry cleaning worker with 2,000 such jobs in Arkansas and 200,000 such jobs in the national economy; and shirt presser with 1,040 such jobs in Arkansas and 82,000 such jobs in the national economy. (Tr. 19). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 1, 2004 through the date of the his decision or through March 20, 2008. (Tr. 20, Finding 11).

On April 9, 2008, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On June 13, 2008, the Appeals Council declined to review this decision. (Tr. 3-5). On August 11, 2008, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred by finding his mental impairments were not severe; (2) the ALJ erred by making "clear statements of bias against Dr. Vann Smith"; (3) the ALJ erred by failing to evaluate the combined impact of his impairments; (4) the ALJ erred in assessing his credibility and the credibility of his supporting witness; and (5) the ALJ erred by failing to fully and fairly develop the record. (Doc. No. 7, Pages 6-20). In response, Defendant argues that substantial evidence supports the ALJ's disability determination. (Doc. No. 8, Pages 5-15). Specifically, Defendant argues the ALJ properly found Plaintiff does not suffer from a "severe" mental impairment, properly rejected the opinion of Dr. Vann Smith, properly evaluated Plaintiff's claimed impairments, properly assessed the credibility of Plaintiff and

Plaintiff's witnesses, and properly developed the record. *See id.* Because this Court finds Plaintiff's five arguments relate to his claimed mental impairment, this Court will first address whether Plaintiff's claimed mental impairment was ever even properly raised.

In the present action, Plaintiff claims the ALJ erred by failing to find he suffered from a severe mental impairment due to his cognitive dysfunction, memory impairment, organic brain syndrome, and low GAF score. (Doc. No. 7, Pages 6-10). However, as noted above, in his DIB application and at the administrative hearing on September 13, 2007, Plaintiff did not allege that he suffered from any disabling mental impairments. (Tr. 92, 100, 197,199-200). Instead, he only alleged that he suffered from disabling sleep apnea, back pain, knee pain, narcolepsy, and fatigue. *See id.*

As a general rule, an administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993)). Plaintiff has presented no facts that would justify deviating from this general rule. Accordingly, this Court finds the ALJ did not err by failing to further investigate Plaintiff's now-alleged severe mental impairment, did not err by failing to find his mental impairment was severe, did not err by disregarding the opinions of Dr. Vann Smith regarding Plaintiff's alleged mental impairment, did not err by failing to evaluate Plaintiff's claimed mental impairments in combination with his alleged physical impairments, did not err by disregarding his subjective complaints regarding his mental impairments, and did not err by failing to further develop

the record.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and the undersigned recommends that the ALJ's decision be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 8th day of October, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] In his  briefing, Plaintiff appears to argue the ALJ erred by failing to develop the record on his obesity.  (Doc. No. 7, Pages 19-20).  However, Plaintiff never alleged his obesity was a disabling impairment. (Tr. 92, 100, 197,199-200).  Therefore, the ALJ did not err by failing to further consider his alleged obesity.  *See Pena,* 76 F.3d at 909.